EUGENE L. HART, AS AGENT FOR THE ESTATE OF WIL-
LIAM S. ANDERSON, RICHARD T. ANDERSON AND
SARAH E. ANDERSON, PLAINTIFF-RESPONDENT, v.
ALEX SHAPIRO, DEFENDANT-PROSECUTOR.

Submitted May 17, 1935—Decided September 25, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Leroy Vanderburgh.*

For the respondent, *Irving L. Werksman.*

The opinion of the court was delivered by

PARKER, J. The writ brings up for review a judgment of
the District Court in a case of summary dispossession under
the Landlord and Tenant act. *Comp. Stat.* (at *pp.* 3069
*et seq.*). The question, substantially invariable in cases of
this class, is whether the court acquired jurisdiction to pro-
nounce the judgment that it did pronounce, viz., of dispos-
session. We conclude that jurisdiction was lacking.

Such jurisdiction rests fundamentally on the legal suf-
ficiency of the affidavit of the "landlord or lessor, his legal
representatives, agents, or assigns," required by section 2 of
the act of 1903. *Comp. Stat., p.* 3071. The affidavit in this
case undertakes to set up an oral letting by an agent from
month to month, and service of one month's notice to quit,
It will be presently considered in detail; but it will do no

harm to say by way of leading up to it, that there seems to have been a five year lease in writing executed in 1928 by one William S. Anderson, then living, and a brother and sister, tenants in common, to prosecutor. William S. Anderson died in October, 1931. The term fixed in the lease expired in 1933. According to the claim of respondent, which for present purposes we assume to be correct, the tenancy was continued on a month-to-month basis; and the proceeding in the District Court now under review was set on foot by an affidavit of Mr. Hart stating that the owners of the demised premises are "Estate of William S. Anderson, Richard T. Anderson and Sarah E. Anderson," that he, Hart, is agent for collection of the rents, that Shapiro is in possession under an agreement between Shapiro "and this deponent," stating the terms thereof; that on September 14th, 1934, "deponent served a notice on Mollie Shapiro, daughter, agent and employe of the said Alex Shapiro, requiring the said Alex Shapiro to deliver possession of said premises to Eugene L. Hart within one month from September 15th, 1934, a true copy of which notice is annexed to this affidavit;" and that the term expired, but the tenant holds over, &c. The notice is signed "Estate of William A. Anderson; Richard T. Anderson; Sarah E. Anderson, by Eugene L. Hart, Agent." The summons reads in the name of William S. Anderson (as alive) and the two others. The clerk's docket is similarly headed. The title at the head of this opinion is an exact copy of that printed on the cover of the printed book and at the head of both briefs. It seems to indicate Mr. Hart, agent, as party plaintiff in the District Court.

Several propositions appear to be perfectly plain.

1. Mr. Hart is not, on the face of things, entitled to a judgment either personally or as agent.

2. The judgment record shows a judgment in favor of two living plaintiffs and one dead plaintiff.

3. The "Estate of William S. Anderson" named in the "landlord's affidavit" is no lawful party to this or any other proceeding. Such "estate" is simply the property that was of William S. Anderson, deceased, to be administered for the benefit of creditors and those entitled to succeed to it.

4. Hence the affidavit conferred no jurisdiction to entertain a suit in which William S. Anderson was named as plaintiff.

5. Nor, as we view the matter, could a judgment for dispossession be entered even as to the undivided interests of the other two plaintiffs. What appears was a tenancy in common. Even if a judgment could be entered as to the other two undivided shares (which we think an untenable notion), Shapiro could continue in possession in right of the deceased William S. Anderson if Hart had authority to let on behalf of his heirs or devisees, as he claims he had. If Hart had no such authority, then there was no lease as to that share.

The fundamental rule touching tenancy in common is that "the possession of one co-tenant is the possession of all, and each has the present right to enter upon the whole land and upon every part of it, and to occupy and enjoy the whole." 7 *R. C. L.* 820; see *Tolen* v. *Tolen,* 2 *N. J. Mis. R.* 894. It is equally fundamental that the possession of a tenant is in law the possession of his landlord as to other parties; and indeed, the fictions of the common law action of ejectment were grounded on this very notion. *Steph. Pl. (Tyler ed.)* 53, 54. If, therefore, the tenant in this case was in part a tenant of the representatives of William S. Anderson, the summary proceeding, to be effective as against such tenant, required the legal participation of those representatives, and that it did not have.

It follows that the trial court was not vested by the affidavit with jurisdiction to determine the case; and the judgment and proceedings must be set aside, with costs.